IN THE UNITED STATES DISTRICT COURT
FOR THE ERIE DVISION

FILED
NOV 20 2007
CLERK U.S. DISTRICT COURT
ST. DIST. OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, Respondent, | * * * * * * |
| v. | * Case No. 1:95-CR-000-33-001E |
| | * * |
| FELIX ROMERO, Defendant/Petitioner. | * * |

### MOTION FOR REDUCTION IN TERM OF IMPRISONMENT AS A RESULT OF AMENDED GUIDELINE RANGE PURSUANT TO 3582.(c)(2).

COME NOW, Felix Romero, herein after "Defendant/Petitioner who hereby most respectfully request this Honorable Court for resentencing pursuant to 3582.(c)(2). which state:

Section 3582.(c)(2) of Title 18 United States Code, provides: "[I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. §994(o), upon motion of the defendant or the Director of Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

This policy statement provides guidance for a court when considering a motion under 18 U.S.C. §3582(c)(2) and implements 28 U.S.C. §994(u), which provides: "If the Commission reduces the term of imprisonment recommended in the guidelines applicable to a particular offense or category of offenses, it shall specify in what circumstances and by what amount the sentence of prisoners serving terms of imprisonment for the offenses may be reduced." Among the factors considered by the Commission in selecting the amendments included in subsection (c) were the purpose of the amendment, the magnitude of the change in the guideline range made by the amendment, and the difficulty of applying the amendment retroactively to determine an amended guideline range under subsection (b). The listing of an amendment in subsection (c) reflects policy determinations by the Commission that a reduced guideline range is sufficient to achieve the purposes of sentencing and that, in the sound discretion of the court, a reduction in the term of imprisonment may be appropriate for previously sentenced, qualified defendants. The authorization of such a discretionary reduction does not otherwise affect the lawfulness of a previously imposed sentence, does not authorize a reduction in any other component of the sentence, and does not entitle a defendant to a reduced term of imprisonment as a matter of right. The Commission has not included in this policy statement amendments that generally reduce the maximum of the guideline range by less than six months. This criterion in in accord with the legislative history of 28 U.S.C.§994(t).

Based in change in the sentencing guidelines petitioner is entitle to resentencing. See **United States v. Smith**, 241, F.3d. 546, (7th Cir. 2001).

**A district court is authorized to modify a defendant's sentence only in specified instances where congress has expressly granted the court jurisdiction to do so,"** United States v. Blackwell, **81 F.3d** 945, 947 **(10th Cir. 1996).** Section 3582(c) of title 18 "provides three avenues through which the court may modify a term of imprisonment once it has been imposed United States v. Blackwell **81 F.3d at 947 (quoting 18 U.S.C. 3582(c).** Those three narrow avenues are: First, upon motion ofthe Director of the Bureau of prisons, a court may reduce the term of imprisonment if it finds special circumstances exist. 18 U.S.C. 3582(c)(1)(a)(i),(ii). second, a court may modify a sentence if such modification is "otherwise expressly permitted by statute or by rule 35 of the Federal rules of Criminal Procedure." Id. 3582 (c)(1)(B). Finally, a court may modify a sentence if "a sentencing range has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 944(o)." title 18, United States Code, section 3582(c)(2). Petitioner contends, that he should be entitle to resentencing based on the new Guideline Amendment 9, which pertains to offenses involving cocaine base "crack" effected November 1, 2007. On April 27, 2007, the Sentencing Commission promulgated an amendment to USSG §2D1.1 (Unlawful Manufacturing, Importing, Exporting, or Trafficking (Including Possession with Intent to Commit These Offenses); Attempt or Conspiracy) to adjust the quantity thresholds for crack cocaine ("cocaine base") so that the base offense level for cocaine

base, as determined by the Drug Quantity Table, will be reduced by two levels. The amendment results in the base offense level corresponding to a guideline range that includes the five-year and ten-year mandatory minimum terms of imprisonment for five and 50 grams of crack cocaine. Prior to the amendment, at least five grams but less than 20 grams of cocaine base were assigned a base offense level of 26(63 to 78 months at Criminal History Category 1), and at least 50 grams but less than 150 grams of cocaine base were assigned a base offense level of 32(121 to 151 months at Criminal History Category 1). Pursuant to the amendment, those same quantities of cocaine base will be assigned a base offense level of 24(51 to 63 months at Criminal History Category 1) and 30 (97 to 121 months at Criminal History Category 1). Petitioner has attached 1. Judgment of Commitment, 2. Pre Sentence Report, for this Court to review.

## CONCLUSION

WHEREFORE, Petitioner requests this Honorable Court to consider the change in the Sentencing Guidelines effected November 1, 2007, Amendment 9, by the Sentencing Commission, and reduced his sentence by two levels.

Respectfully Submitted

Felix Romero
Reg. No. 10614-068
B.S.C.C. Airpark Unit
3700 Wright Ave.
Big Spring, Texas 79720

## CERTIFICATE OF SERVICE

I declare under penalty of perjury that I mail a copy of these documents to: **United States Assistant Attorney's, 100 State Street, Erie P.A. 16507.**

                                                        Executed on_____

The Undersigned declares under penalty of perjury that the above is true and correct. 28 U.S.C. §1746.

                                                     Respectfully Submitted

                                                     _____
                                                     Felix Romero
                                                     Reg. No. 10614-068
                                                     B.S.C.C. Airpark Unit
                                                     3700 Wright AVE.
                                                     Big Spring, Texas 79720