$BoP$

AC 2458 (Rev. 3/95) Sheet 1 - Judgment in a Crimin         e

# United States District Court

## Western District of Pennsylvania

| | |
|---|---|
| UNITED STATES OF AMERICA<br>v.<br>FELIX ROMERO | **JUDGMENT IN A CRIMINAL CASE**<br>(For Offenses Committed On or After November 1, 1987)<br>Case Number: **1:95CR00033-001**<br>**ELLIOT SEGEL, ESQ.**<br>Defendant's Attorney |

RECEIVED

NOV 20 2007

CLERK U.S. DISTRICT COURT
F. DIST. OF P

**THE DEFENDANT:**

☐ pleaded guilty to count(s) _____

☐ pleaded nolo contendere to count(s) _____
which was accepted by the court.

☒ was found guilty on count(s)  **1**
after a plea of not guilty.

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| 21 U.S.C. § 841 (a)(1) | Possession with intent to distribute in Excess of 5 Grams of Cocaine Base | 08/31/1995 | 1 |
| 21 U.S.C. § 841 b (1)(B)iii | | 08/31/1995 | 1 |

CERTIFIED FROM THE RECORD
Date: *Aug. 14, 1996*
JAMES A. ORACH, CLERK
By: *Timothy J. Harrington*

The defendant is sentenced as provided in pages 2 through __6__ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) _____

☐ Count(s) _____ (is)(are) dismissed on the motion of the United States.

IT IS FURTHER ORDERED that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.

| | |
|---|---|
| Defendant's Soc. Sec. No.: **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** | **08/09/1996**<br>Date of Imposition of Judgment |
| Defendant's Date of Birth: **08/07/1956** | |
| Defendant's USM No.: **10614-068** | |
| Defendant's Residence Address: | |
| **1935 East 18th Street** | *Signature of Judicial Officer* |
| | |
| **Erie              PA      16510** | **Sean J. McLaughlin**<br>**United States District Judge**<br>Name & Title of Judicial Officer |
| Defendant's Mailing Address: | |
| **1935 East 18th Street** | *August 14, 1996* |
| **Erie              PA      16510** | Date |

DEFENDANT:        **FELIX ROMERO**
CASE NUMBER:      **1:95CR00033-001**

# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for
a total term of ____**240**____ **month(s)**_____ .

☐  The court makes the following recommendations to the Bureau of Prisons:

☒  The defendant is remanded to the custody of the United States Marshal.

☐  The defendant shall surrender to the United States Marshal for this district:

    ☐  at _____ a.m./p.m.  on _____ .

    ☐  as notified by the United States Marshal.

☐  The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

    ☐  before 2 p.m. on _____ .

    ☐  as notified by the United States Marshal.

    ☐  as notified by the Probation or Pretrial Services Office.

# RETURN

I have executed this judgment as follows:

_____

_____

_____

Defendant delivered on _____ to _____

at _____ , with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
Deputy U.S. Marshal

AO 245B (Rev. 3/95) Sheet 3 - Supervised Release

Judgment-Page __3__ of __6__

DEFENDANT:        **FELIX ROMERO**

CASE NUMBER:        **1:95CR00033-001**

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of ___10___ **year(s)**

The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state, or local crime.

The defendant shall not illegally possess a controlled substance.

*For offenses committed on or after September 13, 1994:*

The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as directed by the probation officer.

☐ The above drug testing condition is suspended based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)

☒ The defendant shall not possess a firearm as defined in 18 U.S.C. § 921. (Check, if applicable.)

If this judgment imposes a fine or a restitution obligation, it shall be a condition of supervised release that the defendant pay any such fine or restitution that remains unpaid at the commencement of the term of supervised release in accordance with the Schedule of Payments set forth in the Criminal Monetary Penalties sheet of this judgment.

The defendant shall comply with the standard conditions that have been adopted by this court (set forth below) . The defendant shall also comply with the additional conditions on the attached page (if indicated below).

See Special Conditions of Supervision - Sheet    **3.01**

# STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

AO 245B (Rev. 3/95) Sheet 3 - Supervised Release

DEFENDANT:        **FELIX ROMERO**

CASE NUMBER:      **1:95CR00033-001**

## SPECIAL CONDITIONS OF SUPERVISION

The Defendant shall submit to at least one drug test within 15 days of being released on supervised release and as directed by the Probation Office which will be a minimum of four times a year.

Judgment-Sheet _____3.01_____

AO 245B (Rev. 3/95) Sheet 5, Part A - Criminal Monetary Penalties

Judgment-Page __4__ of __6__

DEFENDANT:      **FELIX ROMERO**

CASE NUMBER:    1:95CR00033-001

## CRIMINAL MONETARY PENALTIES

The defendant shall pay the following total criminal monetary penalties in accordance with the schedule of payments set forth on Sheet 5, Part B.

|          | Assessment | Fine | Restitution |
|----------|------------|------|-------------|
| Totals:  | $ 50.00    | $    | $           |

☐ If applicable, restitution amount ordered pursuant to plea agreement . . . . . . . . . . . . .   $ _____

## FINE

The above fine includes costs of incarceration and/or supervision in the amount of $ _____ .

The defendant shall pay interest on any fine of more than $2,500, unless the fine is paid in full before the fifteenth day after the date of judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 5, Part B may be subject to penalties for default and delinquency pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

    ☐ The interest requirement is waived.

    ☐ The interest requirement is modified as follows:

## RESTITUTION

☐ The determination of restitution is deferred in a case brought under Chapters 109A, 110, 110A and 113A of Title 18 for offenses committed on or after 09/13/1994, until _____ . _____ . An Amended Judgment in a Criminal Case will be entered after such determination.

☐ The defendant shall make restitution to the following payees in the amounts listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportional payment unless specified otherwise in the priority order or percentage payment column below.

| Name of Payee | ** Total Amount of Loss | Amount of Restitution Ordered | Priority Order or Percentage of Payment |
|---------------|-------------------------|-------------------------------|-----------------------------------------|
|               |                         |                               |                                         |

Totals:   $_____   $_____

** Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994.

AO 245B (Rev. 3/95) Sheet 5, Part B - Criminal Monetary Penalties

Judgment-Page __5__ of __6__

DEFENDANT: **FELIX ROMERO**

CASE NUMBER: 1:95CR00033-001

## SCHEDULE OF PAYMENTS

Payments shall be applied in the following order: (1) assessment; (2) restitution; (3) fine principal; (4) cost of prosecution; (5) interest; (6) penalties.

Payment of the total fine and other criminal monetary penalties shall be due as follows:

A ☒ in full immediately; or

B ☐ $ _____ immediately, balance due (in accordance with C, D, or E); or

C ☐ not later than ___ . _____ ; or

D ☐ in installments to commence _____ day(s) after the date of this judgment. In the event the entire amount of criminal monetary penalties imposed is not paid prior to the commencement of supervision, the U.S. probation officer shall pursue collection of the amount due, and shall request the court to establish a payment schedule if appropriate; or

E ☐ in _____ *(e.g. equal, weekly, monthly, quarterly)* installments of $ _____ over a period of _____ year(s) to commence ___ __ day(s) after the date of this judgment.

The National Fine Center will credit the defendant for all payments previously made toward any criminal monetary penalties imposed.

Special instructions regarding the payment of criminal monetary penalties:

☐ Joint and Several

☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall pay the following court cost(s):

☐ The defendant shall forfeit the defendant's interest in the following property to the United States:

Unless the court has expressly ordered otherwise in the special instructions above, if this judgment imposes a period of imprisonment payment of criminal monetary penalties shall be due during the period of imprisonment. All criminal monetary penalty payments are to be made to the United States Courts National Fine Center, Administrative Office of the United States Courts, Washington, DC 20544, except those payments made through the Bureau of Prisons' Inmate Financial Responsibility Program. If the National Fine Center is not operating in this district, all criminal monetary penalty payments are to be made as directed by the court, the probation officer, or the United States attorney.

| UNITED STATES DISTRICT COURT FEDERAL PROBATION SYSTEM<br><br>TRANSMITTAL OF PRESENTENCE REPORTS TO INSTITUTION | ADDRESS OF PROBATION OFFICE<br>United States Probation Office<br>128 U.S. Couort House<br>P.O. Box 1598<br>Erie, PA 16507-0598 |
|---|---|

Date:  August 12, 1996

Randy Dawkins
Community Corrections Manager
Room 1204, Chamber of Commerce Building
411 Seventh Avenue
Pittsburgh, PA 15219

Enclosed is a copy of the presentence report made in the case of:

ROMERO, Felix
Criminal No. 95-00033-001 Erie

mp

Enclosures:
[ X ] Presentence Report
[ X ] Judge's Ruling
[ X ] PF1
[   ] PF7A
[   ] Other:

Barbara L. Henderson
U.S. Probation Officer

Probation Form 27
(July 1975)

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| vs. | ) | PRESENTENCE INVESTIGATION REPORT |
| | ) | |
| FELIX ROMERO | ) | Docket No. 95-00033-001E |

**Prepared For:**      The Honorable Sean J. McLaughlin
                       U.S. District Judge

**Prepared By:**       Barbara L. Henderson
                       Senior U.S. Probation Officer
                       Erie, PA  16507
                       814-452-3455

**Assistant U.S. Attorney**          **Defense Counsel**
John J. Trucilla                     Elliot J. Siegel, Esq.
100 State Street                     821 State Street
Erie, PA  16507                      Erie, PA  16507
814-452-2906                         814-452-4473

**Sentence Date:**     August 15, 1996

**Offense:**    Count 1:   Possession With the Intent to Distribute in Excess of 5 Grams of
                           Cocaine Base, a Schedule II Narcotic Drug Controlled Substance,
                           21 U.S.C. §§ 841(a)(1) and (b)(1)(B)(iii)
                           20 years to life/$8,000,000.00 fine if second felony drug conviction

**Release Status:**    Detained since November 20, 1995

**Detainers:**         None

**Codefendants:**      None

**Related Cases:**     None

**Date Report Prepared:** June 25, 1996                          **Date Report Revised:**

## Identifying Data:

| | |
|---|---|
| Date of Birth: | August 7, 1956 |
| Age: | 39 |
| Race: | Black, Hispanic |
| Sex: | Male |

| | |
|---|---|
| SSN Nos: | 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 |
| | 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 |
| | 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 |

| | |
|---|---|
| FBI No: | 857 196 HA8 |
| USM No: | 10614-068 |
| Other ID No: | NJ SID 4536558 |

| | |
|---|---|
| Education: | Ninth Grade |
| Dependents: | 3 |
| Citizenship: | Dominican Republic |
| | INS Case No. A-41912311 |

| | |
|---|---|
| Legal Address: | 1935 East 18th Street |
| | Erie, PA 16510 |

| | |
|---|---|
| Current Address: | In federal custody |

| | |
|---|---|
| Aliases: | None |

1A

LCR 32. 1 OF THE RULES OF THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF PENNSYLVANIA PROVIDES IN ITS PERTINENT PART AS FOLLOWS:

THE PSI IS A CONFIDENTIAL COURT DOCUMENT. NO COPIES OR ANY DISSEMINATION OF THE PSI OR INFORMATION CONTAINED THEREIN SHALL BE MADE WITHOUT THE EXPRESS PERMISSION OF THE COURT, EXCEPT THAT, UNDER THIRD CIRCUIT LOCAL APPELLATE RULE 30.3(C), COPIES MAY BE PROVIDED AND INFORMATION DISCLOSED TO THE COURT OF APPEALS IN ANY APPEAL FROM THE SENTENCE. UNAUTHORIZED COPYING OR DISCLOSURE MAY BE TREATED AS CONTEMPT OF COURT AND PUNISHED ACCORDINGLY.

## PART A.    THE OFFENSE

### Charge(s) and Conviction(s)

1.  A one-count indictment was returned on November 15, 1995, charging Felix Romero with Possession With the Intent to Distribute in Excess of 5 Grams of Cocaine Base, in violation of 21 U.S.C. § 841(a)(1).    An arrest warrant was issued, and he was apprehended on November 20, 1995.  Mr. Romero was taken before Magistrate Judge Susan Paradise Baxter on that date.  He was ordered detained, and a detention hearing was scheduled for November 22, 1995.  Following the hearing, Mr. Romero was ordered to remain detained pending trial in this matter.  He entered a plea of not guilty.

2.  Pursuant to 21 U.S.C. § 851, an Information charging a prior offense was filed by the Government on April 8, 1996.  A jury trial began on April 12, 1996, before Judge Sean J. McLaughlin.  On April 16, 1996, the jury returned a verdict of guilty.  A sentencing date of August 15, 1996, was set, and the order of detention was continued.

### The Offense Conduct

3.  On August 30, 1995, Erie police officers received information from a confidential informant (CI) that Felix Romero would be travelling to New York City on that date in order to pick up crack cocaine which he would be bringing back to Erie.  The next day, the CI notified them that Mr. Romero had returned and had made arrangements to sell a large quantity of crack cocaine to another man in the area of the 900 block of Bacon Street that evening.  In addition to mobile surveillance units, police officers on foot were also positioned in the area.

4.  The officer that was in charge of the operation first spotted the vehicle of the intended buyer of the crack enter the area and park his car along the street.  He then saw Mr. Romero's automobile approaching the site.  He notified the other officers to close in on the defendant.  As they began to do so, Mr. Romero threw a package out of his window.  He then stopped his car and was taken into custody.  The package was located on the ground, and photographs of its location were taken by one of the detectives before it was moved.  The package had broken open so that smaller baggies could be seen inside.  Additionally, one packet had been dislodged after hitting the ground.  It appeared to contain crack cocaine.

5.  The Pennsylvania State Police Regional Laboratory confirmed the substance was cocaine base.  The pieces weighed a total of 458.7 grams.

### Victim Impact

6.  There are no identifiable victims of the offense.

3

Adjustment for Obstruction of Justice

7.  The probation officer has no information to suggest that the defendant impeded or obstructed justice.

Adjustment for Acceptance of Responsibility

8.  Mr. Romero did not make any statements regarding the offense upon the advice of his attorney.

Offense Level Computations

9.  The 1995 edition of the Guidelines Manual has been used in this case.

Count 1 -- Possess With the Intent to Distribute Cocaine Base

10. **Base Offense Level:**  The U.S. Sentencing Commission guideline for a violation of 21 U.S.C. § 841(b)(1)(A)(iii) is found in U.S.S.G. § 2D1.1, and the Drug Quantity Table calls for a base offense level of 34 for offenses involving at least 150 grams but less than 500 grams of cocaine base.      34

11. **Specific Offense Characteristic:**  None.      0

12. **Victim-Related Adjustments:**  None.      0

13. **Adjustments for Role in the Offense:**  None.      0

14. **Adjustment for Obstruction of Justice:**  None.      0

15. **Adjusted Offense Level (Subtotal):**      34

16. **Adjustment for Acceptance of Responsibility:**  None.      0

17. **Total Offense Level:**      34

18. **Chapter Four Enhancements:**  None.      0

19. **Total Offense Level:**      34

## PART B.   DEFENDANT'S CRIMINAL HISTORY

Juvenile Adjudication(s)

20. None known.

4

<u>Adult Criminal Conviction(s)</u>

| | Date of Arrest | Conviction/ Court | Date Sentence Imposed/Disposition | Guideline | Pnt |
|---|---|---|---|---|---|
| 21. | 11-07-88 (Age 32) | Conspiracy to Possess With the Intent to Distribute Cocaine, 2nd degree felony/ Superseding Indictment 89-07-01854, New Jersey Superior Court, Camden, NJ | <u>11-30-90</u>: 15 years. <u>06-08-92</u>: Reversed. <u>04-16-93</u>: 1 year noncustodial unsupervised probation, $50.00 fine. | 4A1.1(c) | <u>1</u> |

Felix Romero was arrested by Camden City Police after he was found in a residence where a search warrant was being executed. Cocaine was found in the dining room and the basement. He was charged with Possession of a Controlled Dangerous Substance, Possession of a Controlled Dangerous Substance With Intent to Distribute More Than 5 Ounces of Cocaine, and Possession With Intent to Distribute a Controlled Dangerous Substance Within 1,000 Feet of School Property. A superseding indictment was filed charging Conspiracy. He was found guilty of the charge and was sentenced to the New Jersey Prison for a term of 15 years. The conviction was subsequently overturned on appeal. Under the terms of a plea agreement, Mr. Romero pled guilty on April 12, 1993, to a new superseding indictment charging the above-listed offense. The weight of the cocaine was reduced to more than one-half ounce but less than 5 ounces.

<u>Criminal History Computation</u>

22.    The total of the criminal history points is 1. According to the Sentencing Table at U.S.S.G. Chapter 5, Part A, 1 criminal history point establishes a criminal history category of I.

<u>Other Criminal Conduct</u>

23.    Felix Romero was arrested on January 14, 1988, by Camden, New Jersey, Police. He was observed by two officers dropping a cigarette pack after they began to approach him. Inside the packet were six yellow plastic bags which contained a white powder. Field tests revealed the powder was cocaine. Mr. Romero was charged with Possession of Cocaine. The charge was downgraded by the Camden County Prosecutor's Office to Unlawful Use of Controlled Dangerous Substance. On January 15, 1988, in Camden City Municipal Court, the defendant was admitted into the pretrial diversion program for one year and assessed a $30.00 Violent Crime penalty. Mr. Romero was extended on conditional discharge for one year because of numerous failures to report to his probation officer. He was discharged with dismissal of the charge on November 17, 1989.

Other Arrests

24. 

| Date of Arrest | Charge | Agency | Disposition |
|---|---|---|---|
| 07-26-93 (Age 36) | Conspiracy to Deliver Crack Cocaine | No. 2231-93, Erie County Court of Common Pleas, Erie, PA | 04-19-94: Nol-prossed. |

## PART C.  OFFENDER CHARACTERISTICS

Personal and Family Data

25.   Felix Romero was born on August 7, 1956, at Santo Domingo, in the Dominican Republic.  He stated that his mother died when he was an infant.  Felix was reared by his father and Nila Campuano, his father's paramour.  The defendant's father and six half-siblings continue to live in Santo Domingo.  Felix stated that he keeps in regular touch with family members and visits them annually.

26.   Mr. Romero first entered the United States in December 1984.  In 1987, he contacted the U.S. Immigration and Naturalization Service (INS) about his illegal status.  He was told to leave the country and re-enter legally from a different port of entry.  He did so and entered the United States from Juarez, Mexico, on December 4, 1987.  He was considered a conditional resident for two years and then was classified as a permanent resident alien by the INS on September 18, 1989.  As a result of his present conviction, the INS will file a detainer with the Federal Bureau of Prisons and pursue deportation once the conviction is considered final.

27.   INS records reflect that Mr. Romero has been married on two occasions.  When he was interviewed in 1987, he provided a copy of his divorce papers from Altagracia Soriano de Jesus.  The divorce was granted on October 30, 1985, in the Dominican Republic.  Mr. Romero then married Luz Maria Febrez in New York City on January 6, 1986.  He indicated he does not know where she is and does not believe that they are divorced.

28.   For the past ten years, the defendant has been involved in a relationship with Mercedes Velazques.  They were together in New York City until Mercedes moved to Erie in 1993.  Since that time, the defendant said he spent time in both cities.  The couple has three children.  Deliriana Romero is age 8, Juliana Romero is age 6, and Felix Velazques is age 2.

6

Physical Condition

29.   Felix Romero is 5 feet 11 inches tall, weighs approximately 175 pounds, and has brown hair and brown eyes. He stated that he was in an automobile accident as a child. He suffered a cut on his chin that left a noticeable scar, and also a part of his left thumb was amputated. In 1988, an operation was required to remove scar tissue and clotted blood from his scalp. A three-inch surgical scar is on the back of his head.

30.   Mr. Romero did not claim any health problems, although he acknowledged recently fainting on several occasions.

Mental and Emotional Health

31.   The defendant denied any history of mental or emotional problems requiring treatment.

Substance Abuse

32.   According to the defendant, he has never used alcohol or controlled substances.

Education and Vocational Skills

33.   The defendant attended school in the Dominican Republic. He stated that his education would equate to that of the ninth or tenth grade in the United States.

Employment Record

34.   In 1979, Mr. Romero came to the United States in order to play baseball on minor league teams. After three years, he moved to New York City where he drove a taxicab for the next five years. He also reported working at a neighborhood store during that period.

35.   Mr. Romero continued playing baseball on a irregular basis for profit during the 1980s.

Financial Condition: Ability to Pay

36.   The defendant claims no assets and no liabilities.

## PART D.   SENTENCING OPTIONS

Custody

37.   **Statutory Provisions:** The maximum term of imprisonment is not less than 20 years or more than life if the defendant has a prior conviction for a felony drug offense, pursuant to 21 U.S.C. § 841(b)(1)(A)(iii).

38.    **Guideline Provisions:** Pursuant to U.S.S.G. Chapter 5, Part A, based on a total offense level of 34 and a criminal history category of I, the guideline range for imprisonment is 151 to 188 months. However, whenever the statutorily required minimum sentence is greater than the maximum of the applicable guideline range, the statutorily required minimum sentence shall be the guideline sentence. Thus, the guideline range is 240 months.

Supervised Release

39.    **Statutory Provisions:** A term of at least 10 years' supervised release is required if a sentence of imprisonment is imposed, pursuant to 21 U.S.C. § 841(b)(1)(A)(iii).

40.    **Guideline Provisions:** The guideline range for a term of supervised release is at least 10 years, pursuant to U.S.S.G. § 5D1.2(b).

Probation

41.    **Statutory Provisions:** The defendant is not eligible for probation because the instant offense is one for which probation has been expressly precluded by statute, pursuant to 18 U.S.C. § 3561(a)(2) and 21 U.S.C. § 841(b)(1)(A)(iii).

42.    **Guideline Provisions:** The defendant is not eligible for probation because the instant offense is one for which probation has been expressly precluded by statute, pursuant to U.S.S.G. § 5B1.1(b)(2).

Fines

43.    **Statutory Provisions:** The maximum fine is $8,000,000.00, pursuant to 21 U.S.C. § 841(b)(1)(A)(iii).

44.    A special assessment of $50.00 is mandatory, pursuant to 18 U.S.C. § 3013.

45.    **Guideline Provisions:** The fine range for the instant offense is from $17,500.00 to $8,000,000.00, pursuant to U.S.S.G. § 5E1.2(c)(4).

46.    Subject to the defendant's ability to pay, the Court shall impose an additional fine amount that is at least sufficient to pay the costs to the Government for any imprisonment, probation, or supervised release ordered, U.S.S.G. § 5E1.2(i). The most recent advisory from the Administrative Office of the United States Courts suggests that a monthly cost of $1,779.33 be used for imprisonment, a monthly cost of $1,883.08 be used for community confinement, and a monthly cost of $195.30 be used for supervision.

Restitution

47.    Restitution is not an issue in this case.

8

<u>Denial of Federal Benefits</u>

48.    **Statutory Provisions:**  Pursuant to 21 U.S.C. § 862(b)(1)(B), upon a second or subsequent conviction for possession of a controlled substance, a defendant may be declared ineligible for any or all Federal benefits for up to 5 years as determined by the Court.

49.    **Guideline Provisions:** Pursuant to U.S.S.G. § 5F1.6, the Court may deny eligibility for certain Federal benefits of any individual convicted of distribution or possession of a controlled substance.

## PART E.   FACTORS THAT MAY WARRANT DEPARTURE

50.    The probation officer has no information concerning the offense or the offender which would warrant a departure from the prescribed sentencing guidelines.

Respectfully submitted,

George F. Gregory
Chief U.S. Probation Officer


by    Barbara L. Henderson
U.S. Probation Officer




Approved:

Diane S. Restivo
Supervising U.S. Probation Officer


BLH:mlr

9

## ADDENDUM TO THE PRESENTENCE REPORT

### UNITED STATES DISTRICT COURT
### FOR THE WESTERN DISTRICT OF PENNSYLVANIA
### UNITED STATES V. FELIX ROMERO, DOCKET NO. 95-00033-001 ERIE

The probation officer certifies that the presentence report, including any revision thereof, has been disclosed to the defendant, his attorney, and counsel for the Government and that the content of the addendum has been communicated to counsel. The addendum fairly states any objections they have made.

### OBJECTIONS

#### By the Government

None.

#### By Defendant Romero

None

Respectfully submitted,

GEORGE F. GREGORY
U.S. Probation Officer

By: _____
/Barbara L. Henderson
Senior U.S. Probation Officer

Reviewed and approved:

_____
Diane S. Restivo
Deputy Chief U.S. Probation Officer

BLH:mp
July 23, 1996