IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v.                                ) | Criminal Action No. 95-33 Erie |
| ) | |
| FELIX ROMERO,              ) | |
| ) | |
| Defendant.            ) | |

## MEMORANDUM OPINION AND ORDER

McLAUGHLIN, SEAN J., J.

    Presently pending before the Court is a motion filed by Felix Romero ("Defendant") entitled "Motion For Reduction in Term of Imprisonment as a result of Amended Guideline Range Pursuant to 3582(c)(2)" [Doc. No. 86]. For the reasons set forth below, the Defendant's motion is denied.

    Defendant was charged by indictment with one count of possession with intent to distribute cocaine base in violation of 21 U.S.C. § 841(a)(1). See Indictment [Doc. No. 1]. On April 16, 1996, Defendant was convicted on this charge following a jury trial. See Jury Verdict [Doc. No. 50]. Prior to trial, the Government filed an information under 21 U.S.C. § 851, alleging the Defendant's prior drug trafficking conviction as a basis for an enhanced mandatory minimum penalty. See Information [Doc. No. 42]. Based upon the quantity of drugs and his prior conviction, the pre-sentence investigation report ("PSR") concluded that Defendant's maximum term of imprisonment was not less than 20 years nor more than life. See PSR ¶ 37. In calculating the guideline range, the PSR stated:

> **Guideline Provisions:** Pursuant to U.S.S.G. Chapter 5, Part A, based on a total offense level of 34 and a criminal history category of I, the guideline range for imprisonment is 151 to 188 months. However, whenever the statutorily required minimum sentence is greater than the maximum of the applicable guideline range, the statutorily required minimum sentence shall be the guideline sentence. Thus, the guideline range is 240 months.

See PSR ¶ 38. Defendant conceded that the mandatory minimum of 20 years was applicable to his sentence. See Position with Respect to Sentencing Factors [Doc. No. 56].

    Defendant was subsequently sentenced by the Court on August 9, 1996 to 240 months of

1

incarceration, followed by 10 years of supervised release.  See Judgment [Doc. No. 59].  He appealed his conviction and sentence, and on May 2, 1997, the Third Circuit affirmed his conviction and sentence.  See Judgment [Doc. No. 71].  Defendant filed a Motion to Vacate his sentence under 28 U.S.C. § 2255 which was denied by the Court on June 23, 1999.  See Memorandum Opinion and Order [Doc. No. 77].

On November 20, 2007, Defendant filed the instant Motion for a reduction of his sentence pursuant to 18 U.S.C. § 3582(c)(2), in which he seeks to reduce his sentence due to a later amendment to the United States Sentencing Guidelines ("U.S.S.G.").  See Motion [Doc. No. 86].  The Government has filed a Brief in opposition and the matter is now ripe for our determination.

Defendant's Motion is based upon Amendment 706, which became effective November 1, 2007 and was later made retroactive, effective March 3, 2008, under the authority granted to the U.S. Sentencing Commission pursuant to 18 U.S.C. § 3582(c)(2).[1]  Amendment 706 generally reduced the base offense levels in U.S.S.G. § 2D1.1(c) for crack cocaine offenses.  See United States v. Robinson, 2008 WL 2578043 at *1 (W.D.Pa. 2008) (noting that the crack amendment decreased the base offense levels applicable to specific weights of cocaine base).  Section 3582(c)(2) allows a court to modify a previously imposed sentence when the Sentencing Commission lowers a sentencing range that was used to determine the defendant's sentence and a reduction would be "consistent with applicable policy statements issued by the Sentencing Commission."  See 18 U.S.C. § 3582(c)(2); United States v. Wise, 515 F.3d 207, 221 (3rd Cir. 2008).  Under the applicable Sentencing Commission policy statement, a reduction in the defendant's term of imprisonment is not authorized under § 3582(c)(2) where "an amendment listed in subsection (c) does not have the effect of lowering the defendant's applicable guideline range."  See U.S.S.G. § 1B1.10(a)(2)(B).

Defendant contends that he is eligible for a reduction of his sentence under § 3582(c)(2) because his base offense level would be reduced by two levels under the Amendment.  See Defendant's Motion pp. 3-4.  However, because the Defendant was sentenced to a mandatory

---

[1]The Sentencing Commission made the crack amendment retroactive by including it in the list of retroactive amendments in § 1B1.10 of the Guidelines.

minimum sentence required by statute, Amendment 706 "does not have the effect of lowering the defendant's applicable guideline range", see U.S.S.G. § 1B1.10(a)(2)(B), and a reduction of his sentence is not authorized.  See <u>United States v. Doe</u>, 564 F.3d 305, 311-12 (3rd Cir. 2009) (holding that although the defendants' initial guideline ranges were lowered by Amendment 706, they were subsumed by mandatory minimum sentences and were thus unaffected by the Amendment); see also <u>United States v. Paulk</u>, 569 F.3d 1094, 1095-96 (9th Cir. 2009) (holding that a defendant sentenced pursuant to a statutory mandatory minimum is not entitled to a reduction of his sentence under Amendment 706); <u>United States v. Williams</u>, 551 F.3d 182, 185 (2nd Cir. 2009) ("Once the mandatory minimum applied, [the defendant's] sentence was no longer 'based on a sentencing range that has subsequently been lowered by the Sentencing Commission.'"); <u>United States v. Poole</u>, 550 F.3d 676, 679 (7th Cir. 2009) ("The Application Note confirms that Amendment 706 does not have the effect of lowering [the defendant's] guideline range because the range applicable to her by operation of law was the statutory minimum term."); <u>United States v. Burton</u>, 2009 WL 1765848 at *2 (W.D.Pa. 2009) (holding that the defendant was not eligible for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2) because he was sentenced to a statutory mandatory minimum term of imprisonment).

AND NOW, this 8th day of September, 2009, upon consideration of Felix Romero's "Motion For Reduction in Term of Imprisonment as a result of Amended Guideline Range Pursuant to 3582(c)(2)" [Doc. No. 86], and for the reasons expressed herein;

IT IS HEREBY ORDERED that the Motion is DENIED.

                                                            s/ Sean J. McLaughlin
                                                            United States District Judge

cm: All parties of record.