IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | Criminal Action No. 95-33 Erie |
| | ) | |
| FELIX ROMERO, | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

McLAUGHLIN, SEAN J., J.

Presently pending before the Court is a motion filed by Felix Romero ("Defendant") entitled "Motion For Reduction Sentence Under The Fair Sentencing Act of 2010" [Doc. No. 93]. For the reasons set forth below, the Defendant's motion is denied.

On April 16, 1996, Defendant was convicted by a jury of one count of possession with intent to distribute cocaine base in violation of 21 U.S.C. § 841(a)(1). See Indictment [Doc. No. 1] and Jury Verdict [Doc. No. 50]. Prior to trial, the Government filed an information under 21 U.S.C. § 851, alleging the Defendant's prior drug trafficking conviction as a basis for an enhanced mandatory minimum penalty. See Information [Doc. No. 42]. Based upon the quantity of drugs and his prior conviction, the pre-sentence investigation report ("PSR") concluded that Defendant's maximum term of imprisonment was not less than 20 years nor more than life, see PSR ¶ 37, and the Defendant conceded that the mandatory minimum of 20 years was applicable to his sentence. See Position with Respect to Sentencing Factors [Doc. No. 56].

On August 9, 1996, the Court imposed the mandatory minimum sentence of 240 months incarceration, followed by 10 years of supervised release. See Judgment [Doc. No. 59]. His conviction and sentence were affirmed by the Third Circuit Court of Appeals on May 2, 1997. See Judgment [Doc. No. 71]. Defendant filed a Motion to Vacate his sentence under 28 U.S.C. § 2255 which was denied by the Court on June 23, 1999. See Memorandum Opinion and Order [Doc. No. 77]. Defendant also filed a Motion for a reduction of his sentence on November 20, 2007 pursuant to 18 U.S.C. § 3582(c)(2), wherein he sought to reduce his sentence following the retroactive amendment to the United States Sentencing Guidelines ("U.S.S.G.") for crack cocaine

1

offenses.  See Motion [Doc. No. 86].  Because the Defendant was sentenced to a mandatory minimum sentence required by statute and the amendment did not lower the applicable guideline range, the Court denied the motion on September 8, 2009.  See Memorandum Opinion and Order [Doc. No. 92].

On April 21, 2010, Defendant filed the instant Motion for a reduction of his sentence under the Fair Sentencing Act of 2010.  See Motion [Doc. No. 86].  Defendant contends that under this "newly enacted" law, which became "effective March 17, 2010," the mandatory minimum sentences for crack cocaine offenses were eliminated.  Defendant is not entitled to relief under the Fair Sentencing Act of 2010.  Although it was passed by the United States Senate on March 17, 2010, it has not been passed by the House of Representatives or signed into law by the President.  See United States v. Rosario, 2010 WL 2024926 (D.Me. 2010) (citing United States v Arellano-Arrellano, 2010 WL 1816558 (W.D.Va. 2010) and holding that "[u]ntil the proposed legislation becomes law, the Court cannot consider its affect on Mr. Rosario's sentence."); United States v. Butler, 2010 WL 1609731 (D.Md. 2010) ("Because [the Fair Sentencing Act of 2009, the Fairness in Cocaine Act of 2009 and the Crack-Cocaine Equitable Sentencing Act of 2009] are not law, they do not provide a basis for relief.").

AND NOW, this 10th day of June, 2010, upon consideration of Felix Romero's "Motion For Reduction Sentence Under The Fair Sentencing Act of 2010" [Doc. No. 93], and for the reasons expressed herein;

IT IS HEREBY ORDERED that the Motion is DENIED.


							s/ Sean J. McLaughlin
							United States District Judge

cm: All parties of record.