IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | Criminal Action No. 95-33 Erie |
| | ) | |
| FELIX ROMERO, | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

McLAUGHLIN, SEAN J., DISTRICT JUDGE.

Presently pending before the Court is a Motion filed by Felix Romero ("Defendant") [ECF No. 96] wherein he seeks a sentence reduction under 18 U.S.C. § 3582(c)(2), and also on the basis that the Fair Sentencing Act of 2010 ("FSA") retroactively applies to his sentence. For the reasons set forth below, the Defendant's motion is denied.

On April 16, 1996, Defendant was convicted by a jury of one count of possession with intent to distribute cocaine base in violation of 21 U.S.C. § 841(a)(1). [ECF No. 1 and ECF No. 50]. Prior to trial, the Government filed an information under 21 U.S.C. § 851, alleging the Defendant's prior drug trafficking conviction as a basis for an enhanced mandatory minimum penalty. [ECF No. 42]. Based upon the quantity of drugs and his prior conviction, the pre-sentence investigation report ("PSR") concluded that Defendant's maximum term of imprisonment was not less than 20 years nor more than life, see PSR ¶ 37, and the Defendant conceded that the mandatory minimum of 20 years was applicable to his sentence. [ECF No. 56].

Defendant was sentenced on August 9, 1996 to the mandatory minimum sentence of 240 months incarceration, followed by 10 years of supervised release. [ECF No. 59]. His conviction and sentence were affirmed by the Third Circuit Court of Appeals on May 2, 1997. [ECF No. 71]. Defendant subsequently filed a Motion to Vacate his sentence under 28 U.S.C. § 2255, which was denied by the Court on June 23, 1999. [ECF No. 77]. On November 20, 2007, Defendant filed a Motion for a reduction of his sentence pursuant to 18 U.S.C. § 3582(c)(2), wherein he sought to reduce his sentence following the retroactive amendment to the United

1

States Sentencing Guidelines ("U.S.S.G.") for crack cocaine offenses. [ECF No. 86]. Because Defendant was sentenced to a statutory minimum, the motion was denied by Memorandum Opinion and Order on September 8, 2009.[1] [ECF No. 92].

On April 21, 2010, Defendant filed a Motion for a reduction of his sentence under the FSA. [ECF No. 86]. Defendant argued that the FSA became effective March 17, 2010 and eliminated the mandatory minimum sentences for crack cocaine offenses. Because the FSA had not yet become law, the motion was denied on June 19, 2010. [ECF No. 95].

On August 4, 2010, Defendant filed the instant Motion for a reduction of his sentence. [ECF No. 96]. The FSA, signed into law on August 3, 2010, modified the penalties for distribution of cocaine base contained in 21 U.S.C. § 841(b)(1)(A). The FSA amended § 841(b)(1)(A) to make the twenty-year mandatory minimum term of imprisonment applicable to individuals who have a prior felony drug conviction only if they are convicted of distributing more than 280 grams of cocaine base. See 21 U.S.C. § 841(b)(1)(A); United States v. Smith, 2011 WL 710205 at *1 (E.D.Pa. 2011).

Any changes to the Sentencing Guidelines in the wake of the FSA do not afford any relief to the Defendant because his mandatory minimum sentence exceeds that recommended guideline sentencing range. In addition, the court in United States v. Reevey, 631 F.3d 110 (3rd Cir. 2011), made clear that the FSA is not retroactive:

> The general Savings Statute [1 U.S.C. § 109] requires that any intent to "release or extinguish any penalty" under an existing statute be "expressly provide[d]" in the subsequent congressional enactment. The FSA does not contain an express statement that the increase in the amount of crack cocaine triggering the ... mandatory minimum is to be applied to crimes committed before the FSA's effective date. Nor does it provide that those sentenced before the FSA's effective date are to be re-sentenced. Therefore, the FSA cannot be applied to Reevey and Williams.

Reevey, 631 F.3d at 114-15; see also United States v. Patillo, 2010 WL 5018228 at *5 (3rd Cir. 2010) ("[T]he Fair Sentencing Act, which was signed into law some two years after [the appellant] was sentenced ... does not apply retroactively.") (citations omitted); United States v. Lewis, 625 F.3d 1224, 1229 (10th Cir. 2010) (FSA "is not ... retroactive and thus does not apply

---

[1] To the extent that the Defendant again seeks a reduction pursuant to 18 U.S.C. § 3582(c)(2), I deny that relief for the reasons previously set forth in my Memorandum Opinion dated September 8, 2009.

2

to this case"); United States v. Bell, 624 F.3d 803, 814 (7th Cir. 2010) ("Like our sister circuits that have considered this issue, [ ] we conclude that the savings statute operates to bar the retroactive application of the FSA"); United States v. Smith, 2011 WL 710205 at *1 (E.D.Pa. 2011) ("The Fair Sentencing Act is not retroactive, however, and its amendment ... does not apply to Smith."); United States v. Davis, 2011 WL 691768 at *2 (W.D.Pa. 2011) ("the FSA is not retroactively applied").

For the foregoing reasons, IT IS HEREBY ORDERED that Defendant's Motion [ECF No. 96] is DENIED.

Signed this 26th day of April, 2011.

                                                    s/ Sean J. McLaughlin
                                                    United States District Judge

cm: All parties of record.